**ELLIOT J. FISHMAN, d/b/a KING'WHARF COMMERCIAL CENTER, Plaintiff**

**v.**

**A. H. RIISE GIFT SHOP, INC., and A. H. RIISE LIQUOR STORE, INC., Defendant**

Civil No. 36-1975

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 6, 1975

FEUERZEIG & ZEBEDEE, ESQS., (HENRY L. FEUERZEIG, ESQ.), *for plaintiff*

GREGORY D. BALL, ESQ., *for defendant*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Defendants A. H. Riise Gift Shop, Inc. and A. H. Riise Liquor Store, Inc. have moved this Court for a protective order pursuant to Rule 26(c)(3) of the Federal Rules of Civil Procedure. They object to the battery of detailed interrogatories with which they have been bombarded and seek this Court's protection in the form of an order directing plaintiff to proceed by way of oral deposition instead.

Plaintiff, in opposition to the aforesaid motion, argues that while his questions require specific answers, they are of a type not likely to be on the "tip of the tongue" of any of the defendants' officers or employees. Additionally, he asserts that opposing counsel's plea of insufficient time is both a make-weight and irrelevant. Finally, he claims that he has the right to conduct discovery in any manner which he sees fit inasmuch as the Federal Rules of Civil Procedure are silent on this point.

What plaintiff fails to realize, however, is that Fed. R. Civ. P. 26(a) permits a court to circumscribe the frequency of use of any of the permissible methods of discovery. Admittedly, such a power should be cautiously exercised. But

when circumstances dictate, this Court will overcome its natural reluctance and interject itself into the discovery process by issuing a protective order.

The matter before the Court is just such an instance. Plaintiff has resorted to written interrogatories not for the purpose of obtaining information which might lead to the discovery of admissible evidence but rather in a naked attempt to procure evidence directly. He has crossed the threshold of impropriety and, in so doing, ignored the philosophy which lies beneath the rules of discovery.

Plaintiff, it must quickly be pointed out, is not alone in his actions. There has been a great abuse of the discovery process during recent years. In fact, not so long ago at the Third Circuit's Judicial Conference, a great deal of time was spent discussing the problem of lengthy and extended interrogatories. And it was the consensus of those present that interrogatories would henceforth be severely limited.

Oral depositions are normally a less expensive and equally thorough way of obtaining evidentiary leads. That this is so is evidenced by the frequency with which they are used. Moreover, they less readily lend themselves as tools of harassment since, to a large extent, they diminish the leverage of economic reality. Most importantly, they allow for cross-examination of the deposees—thereby helping to insure that the purpose of discovery will not be thwarted.

### ORDER

Inasmuch as the instant matter appears to be a situation where they can be used profitably. Accordingly, it is

ORDERED, ADJUDGED, and DECREED that defendants' motion shall be and is hereby GRANTED.